IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES H. ROBERTS and <br> MARSHALL H. MURDOCK, <br> and other inmates similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> STATE OF TENNESSEE, *et al.*, <br><br> Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3:11-mc–00051 <br> ) <br> ) Judge Campbell <br> ) <br> ) |

## ORDER

Plaintiffs Charles H. Roberts and Marshall H. Murdock, state prisoners presently detained at the Northwest Correctional Complex in Tiptonville, Lake County, Tennessee, have filed a document titled in pertinent part "Motion for Enjoin [sic] the Tennessee Department of Correction, Deputy Warden and AWOs at the Northwest Correctional Complex from Denying Jewish Inmates Attending a Passover Seder Service at the Institution." (ECF No. 1.) Procedurally, the plaintiffs are not plaintiffs, nor are there any defendants, until they institute a cause of action in this court by filing a *complaint*. The motion might conceivably be construed as a complaint seeking injunctive relief under 42 U.S.C. § 1983, but it leaves out a substantial amount of information normally included in a complaint.

In addition, in order to file a *pro se* complaint asserting claims under 42 U.S.C. § 1983 in this court, the plaintiffs must either submit the requisite $350.00 filing fee or their applications to proceed *in forma pauperis*, that is, without prepaying fees or costs. Where there is more than one plaintiff, each plaintiff must pay his own equal share of the filing fee. One plaintiff cannot pay the fee for others. If either of the plaintiffs seeks permission to proceed without prepayment of his share of the fee, he must file his own application to proceed without prepaying fees or costs. The complaint may not be filed or considered unless it is accompanied by the appropriate fee, 28 U.S.C. § 1914(a), or an application to proceed *in forma pauperis*, 28 U.S.C. § 1915(a)(1). Further, in order for an application to proceed *in forma pauperis* to be considered, it must be signed and notarized by an appropriate prison official, as set forth in Administrative Order 93, and. accompanied by a certified copy of each plaintiff's trust fund account statement (or institutional equivalent)

for the 6-month period immediately preceding the filing of the complaint, obtained from the appropriate official at each prison in which the plaintiff has been confined during that 6-month period. 28 U.S.C. § 1915(a)(2).

The Clerk is **DIRECTED** to send each of the plaintiffs a blank application to proceed without prepayment of fees, a copy of Administrative Order No. 93, and a blank § 1983 form complaint with instruction sheet.

The plaintiffs, in turn, are **DIRECTED** to resubmit their complaint using the enclosed § 1983 form complaint or following a substantially similar format within **thirty (30) days** of the date this order is entered on the docket. In addition, along with the complaint, the plaintiffs shall either submit the $350.00 filing fee ($175.00 each); or if either or both plaintiffs lack the funds to pay their share of the filing fee, they must complete the application to proceed *in forma pauperis* in accordance with Administrative Order No. 93 and 28 U.S.C. § 1915(a)(1) and (2), and return the properly completed application to the district court.

The plaintiffs **SHALL NOT** serve these documents on any of the defendants until the court orders otherwise.

The plaintiffs are forewarned that if they do not comply with this order within the time frame specified, the court may dismiss the action for failure to prosecute and for failure to comply with the court's order. An extension of time to comply with this order may be requested from this court if a motion for an extension of time is filed within thirty (30) days of the date of entry of this order.

It is so **ORDERED**.

Todd Campbell
United States District Judge