UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| **CHARLES H. ROBERTS, et al.** | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No. 3:11-1127 |
| | ) | **Judge Sharp** |
| **DERRICK R. SCHOFIELD, et al.,** | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

Plaintiff Charles H. Roberts ("Roberts") has filed a "Motion for a Writ of Error as to the Recently Received Order from Judge Kevin H. Sharp" (Docket No. 51). That Motion is directed ostensibly to this Court's January 24, 2012 Order (Docket No. 42) which denied Plaintiffs' "Motion [to] Enjoin the Tennessee Department of Correction, the Warden, Deputy Warden and AWOs at the Northwest Correctional Complex from Denying Jewish Inmates Attending a Passover Seder Service at the Institution" (Docket No. 1) and Plaintiffs' "Petition to Enjoin Named Defendants From Disallowing Jewish Inmates From the Rite of Succoth (Harvest) and Chanukah as well as Other Mandated Jewish Rites" (Docket No. 6).

In the present Motion, Roberts asserts the Court erred in stating that Plaintiffs had not properly served Defendants. This is because, Roberts argues, Plaintiffs duly returned the service packets issued by the Court and, therefore, fault for any error in service lies with the Clerk's Office, the Marshal's Service, or the mailroom personnel at the Charles Bass Correctional Complex.

The record reflects the Clerk received the executed service packets and issued summons to Defendants on January 13, 2012 (Docket No. 48). However, the issuance of summons and actual

1

service are two separate things. The whole point of the Court's Order was that until Defendants were properly served and appearances had been made, the Court would not entertain Plaintiffs' requests for injunctive relief, requests which were made before a Complaint had even been filed, let alone Defendants being served with the Complaint.

This leads to another point raised in Roberts' Motion. He asserts "[t]hat the 42 U.S.C.A. § 1983 Complaint for Civil Rights Violations **SHOULD NOT have been dismissed**[.]" (Docket No. 51 at 3, bold and capitalization in original). The January 24, 2012 Order did no such thing. Instead, it merely denied Plaintiffs' requests for injunctive relief, and that denial was without prejudice to the requests being renewed once appearances had been made on behalf of Defendants.

Roberts also raises a couple of other matters that have nothing to do with the January 24, 2012 Order. He claims the Warden, Deputy Warden and Food Service Managers at the respective penal facilities need to be made parties to this suit. That request, however, is also the subject of a separate Motion (Docket No. 35) filed by Plaintiffs and will be considered in the context of that Motion.

Roberts further asserts counsel should be appointed for Plaintiffs because "justice would be one sided" if the Court were "to allow the defendants to appear through counsel," while Plaintiffs appear *pro se*. He also believes that Plaintiffs' equal protection and due process rights will be violated if counsel is not appointed on their behalf.

The position in which Plaintiffs find themselves is the same position faced by the vast majority of *pro se* litigants. Moreover, "[t]he appointment of counsel for a civil litigant is a matter within the discretion of the district court and will occur only under exceptional circumstances." Nunley v. United States, 2011 WL 3651280 at *5 (M.D. Tenn. Aug. 18, 2011) (citing, Lavado v.

2

Keohane, 992 F.2d 601, 604–05 (6th Cir. 1993). Plaintiffs have not established any exceptional circumstances in this case that warrants the appointment of counsel at this time.

Finally, Roberts' requests that the Court enter an Order requiring that any written material (filings, correspondence, Orders, etc.) be sent by "Certified Mail Return Receipt Requested" because "there are problems with the prisons' mailrooms in having legal mail sent out," and "the mailrooms have been known to conveniently 'lose' outgoing legal mail." (Docket No. 51 at 3 & 4). Such statements are conclusory, Plaintiffs have proffered no proof of a problem, and it appears from the record that Roberts has not had difficulty in making filings in this case.

Accordingly, Roberts' "Motion for a Writ of Error as to the Recently Received Order from Judge Kevin H. Sharp" (Docket No. 51) is hereby DENIED. Roberts's requests for other relief in that Motion are also hereby DENIED.

It is so ORDERED.

*Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE