UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES H. ROBERTS, et al.,    )
                               )
    Plaintiffs,                )
                               )
        v.                     )   NO.  3:11-1127
                               )   Judge Sharp/Bryant
STATE OF TENNESSEE, et al.,    )
                               )
    Defendants.                )

**MEMORANDUM AND ORDER**

Plaintiffs Charles H. Roberts and Marshall H. Murdock, prisoners proceeding pro se, jointly filed this action on August 17, 2011, alleging that defendants have violated their rights protected by the U.S. Constitution by refusing to allow them reasonably to practice their religion, Judaism (Docket Entry No. 1). On August 23, 2011, the Court granted plaintiffs' application to proceed in forma pauperis (Docket Entry No. 4).

On September 8, 2011, plaintiffs Roberts and Murdock filed their amended complaint (Docket Entry No. 12).

Beginning on December 30, 2011, plaintiff Roberts has filed a flurry of motions seeking various forms of relief (Docket Entry Nos. 35, 70, 95, 96, 97, 100, 101, 104, 105, 106, 107 and 108). Each of the foregoing referenced motions were signed only by plaintiff Roberts and did not bear the signature of plaintiff Marshall H. Murdock.

Although 28 U.S.C. § 1654 provides that "[i]n all courts of the United States the parties may plead and conduct their own cases personally or by counsel," this statute does not permit plaintiffs to appear pro se where interests other than their own are at stake. Shepherd v. Wellman, 313 F.3d 963, 970 (6th Cir.

2002) (citing <u>Iannaccone v. Law</u>, 142 F.3d 553, 558 (2nd Cir. 1998) ("[B]ecause <u>pro</u> <u>se</u> means to appear for one's self a person may not appear on another person's behalf in the other's cause.")). Insofar as the record indicates, neither plaintiff Roberts nor plaintiff Murdock is a licensed attorney. Therefore, they are permitted to represent themselves <u>pro</u> <u>se</u>, but they are not permitted to represent the interests of each other. Plaintiffs Roberts and Murdock have chosen to file and prosecute this action jointly. Therefore, any motion or other filing on their behalf must bear the signatures of both plaintiff Roberts and plaintiff Murdock. Plaintiff Roberts is not permitted to file papers in this action on behalf of plaintiff Murdock, nor is plaintiff Murdock permitted to file papers in this action on behalf of plaintiff Roberts. The numbered motions referenced above violate this requirement because only plaintiff Roberts, and not plaintiff Murdock, signed those motions.

For the above reasons, the Court ORDERS that the motions referenced above be STRICKEN as improperly filed, but without prejudice to plaintiffs' rights to refile such motions provided they bear the signatures of both named plaintiffs.

It is so **ORDERED**.

s/ John S. Bryant  
JOHN S. BRYANT  
United States Magistrate Judge