UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES H. ROBERTS, et al.,    )
                               )
    Plaintiffs,                )
                               )
        v.                     )    NO.  3:11-1127
                               )    Judge Sharp/Bryant
DERRICK D. SCHOFIELD, et al.,  )
                               )
    Defendants.                )

TO: The Honorable Kevin H. Sharp

### REPORT AND RECOMMENDATION

Defendants Derrick Schofield, Ruben V. Hodge, William Calhoun, Henry Steward and Brenda Jones have filed their motion to dismiss (Docket Entry No. 85). As grounds, defendants argue that the claims in the complaint have been rendered moot, the complaint fails to state a claim upon which relief can be granted, and that the complaint should be dismissed for improper venue. Defendant Melvin Tirey has also filed his motion to dismiss for mootness (Docket Entry No. 89). Plaintiffs have filed their response in opposition (Docket Entry Nos. 93 and 94).

For the reasons stated below, the undersigned Magistrate Judge recommends that defendants' motions to dismiss be granted and the complaint dismissed.

### Statement of the Case

Plaintiffs Charles H. Roberts and Marshall H. Murdock, prisoners who are proceeding pro se, have filed their complaint pursuant to 42 U.S.C. § 1983 alleging that defendants have violated their constitutional right to free exercise of their religion,

Judaism, by failing to serve proper Kosher meals and by refusing to allow them to engage in certain other practices and observances that plaintiffs claim are essential to their religious faith. Named as defendants are Derrick Schofield, Commissioner of the Tennessee Department of Corrections, Henry Steward, Warden of the Northwest Correctional Complex ("NWCX") where defendants were confined, Brenda Jones, Deputy Warden at NWCX, Melvin Tirey, Associate Warden of Operations at NWCX, Ruben Hodge, Assistant Commissioner for Operations of the Tennessee Department of Corrections, and William Calhoun, Unit Manager at NWCX (Docket Entry No. 12 at 4-5, 9-10). Plaintiffs seek only injunctive relief as a remedy. (Id. at 8).

## Analysis

The NWCX defendants. Defendants Steward, Jones, Tirey, and Calhoun, according to the complaint, are employees of the Tennessee Department of Corrections assigned to NWCX in Tiptonville, Tennessee, where plaintiffs were confined when this lawsuit was commenced. The record reflects that plaintiff Roberts has been transferred to the Charles Bass Correctional Complex in Nashville (Docket Entry No. 37) and that plaintiff Murdock has been transferred to the Riverbend Maximum Security Institution ("RMSI") in Nashville (Docket Entry No. 11). Defendants Steward, Jones, Tirey, and Calhoun have moved for dismissal of the complaint against them on grounds of mootness, since plaintiffs Roberts and

2

Murdock are no longer confined at NWCX where these defendants are assigned, and, therefore, these defendants lack the ability to provide the prospective injunctive relief that plaintiffs seek. As authority for their motion, these defendants cite <u>Dellis v. Corrections Corporation of America</u>, 257 F.3d 508 (6th Cir. 2001) and <u>Kensu v. Haigh</u>, 87 F.3d 172 (6th Cir. 1996). Both of these cases provide that claims for declaratory and injunctive relief in actions against prison officials are moot when the inmate plaintiffs are no longer incarcerated in the prison employing the defendant officials. <u>Dellis</u>, 257 F.3d at 510 n. 1; <u>Kinsu</u>, 87 F.3d at 175.

In their response in opposition, plaintiffs argue that their case against the NWCX defendants is not moot because they are subject to the exception to the mootness rule for alleged constitutional violations that are "capable of repetition yet evading review." <u>Oliver v. Scott</u>. 276 F.3d 736, 741 (5th Cir. 2002); <u>Scott v. District of Columbia</u>, 139 F.3d 940, 942 (D.C. Cir. 1998). However, the Supreme Court has held that for this exception to the rule of mootness to apply, "there must be a 'reasonable expectation' or a 'demonstrated probability' that the same controversy will recur involving the same complaining party." <u>Murphy v. Hunt</u>, 455 U.S. 478, 482 (1982) (citing <u>Weinstein v. Bradford</u>, 423 U.S. 147, 149 (1975).

The undersigned finds that plaintiffs Roberts and Murdock

3

have failed to show a "demonstrated probability" or a "reasonable expectation" that either of them would be transferred back to NWCX for further incarceration there. In fact, this record is wholly silent regarding transfer policies within the Tennessee Department of Corrections. Therefore, the "capable of repetition yet evading review" exception to the rule is not shown to apply here, and plaintiffs' claims against the NWCX defendants are subject to dismissal for mootness.

<u>Defendants Schofield and Hodge</u>. Defendants Schofield and Hodge are the Commissioner and Assistant Commissioner for Operations, respectively, for the Tennessee Department of Corrections. They seek dismissal of the complaint against them for failure to state a claim. The allegation against defendant Hodge is contained in a single sentence in the complaint, as follows: "Ruben Hodge is the Assistant Commissioner for Operations for the TDOC and as such is responsible and has the authority to enforce rules and regulations within the TDOC and has the authority to allow Jewish inmates to hold and participate in a Seder service in keeping with their religious relieves (sic) and practices; that Kosher food be allowed to be brought in for Seder meals." (Docket Entry No. 12 at 7). Other than identifying defendant Schofield as the Commissioner of the Tennessee Department of Corrections on page 4 of the complaint, the complaint contains no substantive

4

allegation against defendant Schofield at all (Docket Entry No. 12 at 4).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted, the Court must view the complaint in the light most favorable to the plaintiff, accepting all well-pleaded factual allegations as true. <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009). This requirement of accepting the truth of the complaint's factual allegations does not apply to legal conclusions, however, even where such conclusions are couched as factual allegations. <u>Id.</u> Although Federal Rule of Civil Procedure 8(a)(2) requires merely "a short and plain statement of the claim," the plaintiff must allege enough facts to make the claim plausible. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 556 (2007). "The factual allegations, assumed to be true, must do more than create speculation or suspicion of a legally cognizable cause of action; they must show entitlement to relief." <u>League of United Latin American Citizens v. Bredesen</u>, 500 F.3d 523, 527 (6th Cir. 2007).

While a <u>pro se</u> complaint is "to be liberally construed" and "must be held to less stringent standards than formal pleadings drafted by lawyers," <u>Erickson v. Pardus</u>, 551 U.S. 89, 94 (2007) (quoting <u>Estelle v. Gamble</u>, 429 U.S. 97, 106 (1996)), "basic pleading essentials" still apply.

5

A plaintiff pursuing a 42 U.S.C. § 1983 claim must allege that a defendant was personally involved in some manner in the alleged unconstitutional activity described in the complaint. Bellamy v. Bradley, 729 F.2d 416, 421 (6th Cir. 1984). Supervisors cannot be held liable under § 1983 solely on the basis of respondeat superior, that is solely for a supervisory position. Monell v. New York City Department of Social Services, 436 U.S. 658, 694 (1978). A plaintiff must allege that the supervisor personally participated in the alleged wrongdoing, Wilson v. Beebe, 612 F.2d 275, 276 (6th Cir. 1980), and liability under § 1983 must be based on active unconstitutional behavior and cannot be based upon "a mere failure to act." Shehee v. Luttrell, 199 F.3d 295, 300 (6th Cir. 1999).

The allegation in the complaint against defendant Hodge states merely that he "has the authority" to enforce rules and regulations within the TDOC and "has the authority" to allow Jewish inmates to practice various observances related to their religion. In substance, plaintiffs' claim against defendant Hodge is based upon "a mere failure to act," that is, that he failed to exercise his authority to change TDOC practices with regard to the religious observances that plaintiffs seek. With respect to defendant Schofield, the complaint fails to mention him at all, and therefore wholly fails to state a plausible claim against him. The undersigned therefore finds that the complaint fails to state a

6

claim against defendants Schofield and Hodge upon which relief can be granted.

### RECOMMENDATION

For the reasons stated above, the undersigned Magistrate Judge RECOMMENDS that the two subject motions to dismiss (Docket Entry Nos. 85 and 89) be GRANTED and that the complaint be DISMISSED. If this report and recommendation is accepted, the undersigned further RECOMMENDS that all pending motions be DENIED as MOOT.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has fourteen (14) days from service of this Report and Recommendation in which to file any written objections to this Recommendation, with the District Court. Any party opposing said objections shall have fourteen (14) days from receipt of any objections filed in this Report in which to file any responses to said objections. Failure to file specific objections within fourteen (14) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986).

**ENTERED** this 6th day of February 2013.

                                          s/ John S. Bryant
                                          JOHN S. BRYANT
                                          United States Magistrate Judge