| | | |
|---|---|---|
| CHARLES H. ROBERTS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | No. 3:11-cv-1127 |
| v. | ) | |
| | ) | Judge Sharp |
| DERRICK D. SCHOFIELD, *et al.*, | ) | Magistrate Judge Bryant |
| | ) | |
| Defendants. | ) | |

## ORDER

*Pro se* Plaintiffs Charles H. Roberts and Marshall H. Murdock have filed their complaint

pursuant to 42 U.S.C. § 1983 alleging that Defendants have violated their constitutional right to

free exercise of their religion, Judaism, by failing to serve proper Kosher meals and by refusing

to allow them to engage in certain other practices and observances that Plaintiffs claim are

essential to their religious faith.  (Docket Entry No. 12, Amended Complaint at 6-8).  Plaintiffs

filed this claim against Defendants Derrick Schofield, Commissioner of the Tennessee

Department of Corrections, Henry Steward, Warden of the Northwest Correctional Complex

("NWCX") where Plaintiffs were confined[1], Brenda Jones, Deputy Warden at NWCX, Melvin

Tirey, Associate Warden of Operations at NWCX, Ruben Hodge, Assistant Commissioner for

Operations of the Tennessee Department of Corrections, and William Calhoun, Unit Manager at

NWCX.  Plaintiffs seek only injunctive relief as a remedy. (*Id.* at 8).

On April 25, 2012, Defendants Calhoun, Hodge, Jones, Schofield, and Steward filed a

*Motion to Dismiss* arguing the claims in the Complaint have been rendered moot, the Complaint

fails to state a claim upon which relief can be granted, and the Complaint should be dismissed for

---

[1] Plaintiff Roberts has been transferred to the Charles Bass Correctional Complex ("CBCC"), and Plaintiff
Murdock has been transferred to the Riverbend Maximum Security Institution ("RMSI").  Both facilities
are located in Nashville, Tennessee.  *See* (Docket Entry Nos. 11 and 24).

improper venue.  Similarly, a *Motion to Dismiss on Behalf of Defendant Melvin Tirey* was filed

on May 2, 2012, for mootness.  *See* (Docket Entry Nos. 85 and 89).

The Magistrate Judge entered a Report and Recommendation ("R & R") (Docket Entry

No. 168) in this case on February 6, 2013, concluding:

> The two subject motions to dismiss (Docket Entry Nos. 85 and 89) [should] be
> GRANTED and that the complaint [should] be DISMISSED. If this report and
> recommendation is accepted, the undersigned further RECOMMENDS that all
> pending motions be DENIED as MOOT.

(*Id.* at 7).  The R & R is well-reasoned, gives thorough and fair consideration to each of

the claims asserted against each of the Defendants, correctly applies the applicable law, and will

be accepted and approved by the Court.  In deciding to accept the R & R, the Court has given full

consideration to Plaintiffs' *Response to the Magistrate Judge's Report and Recommendation*.

(Docket Entry No. 182).

Accordingly, the Court hereby rules as follows:

(1)  The Report and Recommendation (Docket Entry No. 168) is hereby ACCEPTED and

APPROVED and Plaintiffs' objections are hereby OVERRULED;

(2)  Defendants Calhoun, Hodge, Jones, Schofield, and Steward's *Motion to Dismiss*

(Docket Entry No. 85) is hereby GRANTED;

(3)  The *Motion to Dismiss on Behalf of Defendant Melvin Tirey* (Docket Entry No. 89) is

hereby GRANTED;

(4)  The remaining pending motions (Docket Entry Nos. 124, 128, 134, 135, 140, 144,

146, 150, 152, 154, 155, 159, and 160) are hereby DENIED as moot; and

(5) This case is hereby DISMISSED WITH PREJUDICE.

The Clerk is directed to enter Judgment in a separate document in accordance with Federal Rule of Civil Procedure 58.

**It is SO ORDERED.**


_____
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE