IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES H. ROBERTS, *et al.*, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 3:11-cv-1127 |
| | ) |
| DERRICK SCHOFIELD, *et al.*, | ) Judge Sharp |
| | ) Magistrate Judge Bryant |
| Defendants. | ) |

## ORDER

Before the Court is the plaintiffs' motion for reconsideration (ECF No. 190) of the order of dismissal (ECF No. 183), filed after this Court adopted the Magistrate Judge's Report and Recommendation ("R&R") (ECF No. 168), recommending that the defendants' motions to dismiss be granted. The R&R recommended, in short, that the plaintiffs' complaint be dismissed because (1) the complaint sought only injunctive relief, and the claims against the individual prison officials at Northwest Correctional Complex ("NWCX") were subject to dismissal because they had been rendered moot by the transfer of both plaintiffs to different prison facilities; and (2) the complaint failed to state a claim against defendants Derrick Schofield and Reuben Hodge, the Commissioner and Assistant Commissioner, respectively, of the Tennessee Department of Correction, because it contained no substantive allegations regarding actions or inactions by these defendants in their individual capacity that might have violated the plaintiffs' constitutional rights.

The Court finds that the plaintiffs have presented a valid basis for reconsideration of the order of dismissal. Specifically, the Court finds that that dismissal of the official-capacity claims against Commissioner Schofield and Assistant Commissioner Hodge was improvidently granted. In its initial order (ECF No. 19), this Court construed the complaint to state an official-capacity claim against Commissioner Schofield and Assistant Commissioner Hodge[1] based on an alleged TDOC-wide custom or

---

[1] The complaint purported to state an official-capacity claim against the other defendants as well, but because the real defendant in an official-capacity claim is the employer of the individuals named as defendants, the official-capacity claims against the NWCX personnel were redundant of the official-capacity claims against the TDOC officials.

policy of failing to reasonably accommodate Jewish prisoners' religious beliefs, which affected the plaintiffs as practicing Jews. Neither the defendants' motion to dismiss nor the R&R addressed the official-capacity claims, and the Court, in adopting the R&R and dismissing the complaint, failed to take note of this oversight.

For these reasons, the Court finds that the plaintiffs' motion for reconsideration should be and is hereby **GRANTED**. The order adopting the R&R (ECF No. 183) is **VACATED**, and a substitute order will be entered.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge