IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| CHARLES H. ROBERTS, *et al.*, | ) |
| Plaintiffs, | ) ) ) |
| v. | ) Case No. 3:11-cv-1127 ) |
| DERRICK SCHOFIELD, *et al.*, | ) Judge Sharp ) Magistrate Judge Bryant |
| Defendants. | ) |

## ORDER

This order supersedes that order entered February 25, 2013 (ECF No. 183), which has been vacated upon the Court's granting the plaintiffs' motion to reconsider.

*Pro se* plaintiffs Charles H. Roberts and Marshall H. Murdock have filed their complaint pursuant to 42 U.S.C. § 1983 alleging that the defendants have violated their constitutional right to free exercise of their religion, Judaism, by failing to serve proper Kosher meals and by refusing to allow them to engage in certain other practices and observances that the plaintiffs claim are essential to their religious faith. (ECF No. 12, Am. Compl. at 6–8). The plaintiffs filed this claim against defendants Derrick Schofield, Commissioner of the Tennessee Department of Corrections; Reuben Hodge, Assistant Commissioner for Operations of the Tennessee Department of Corrections; Henry Steward, Warden of the Northwest Correctional Complex ("NWCX") where the plaintiffs were confined; Brenda Jones, Deputy Warden at NWCX; Melvin Tirey, Associate Warden of Operations at NWCX; and William Calhoun, Unit Manager at NWCX.[1] The plaintiffs seek only injunctive relief as a remedy.

On April 25, 2012, Defendants Schofield, Hodge, Steward, Jones, and Calhoun filed a Motion to Dismiss (ECF No. 85) arguing that the claims in the complaint have been rendered moot, the complaint fails to state a claim upon which relief can be granted, and the complaint should be dismissed for improper venue. Similarly, a Motion to Dismiss on Behalf of Defendant Melvin Tirey was filed on May 2, 2012 (ECF No. 89), arguing that the claims against Tirey should be dismissed as moot.

---

[1] Plaintiff Roberts was transferred to the Charles Bass Correctional Complex, and from there to Morgan County Correctional Complex in Wartburg, Tennessee. Plaintiff Murdock has been transferred to the Riverbend Maximum Security Institution ("RMSI") in Nashville, Tennessee.

The Magistrate Judge entered a Report and Recommendation ("R&R") (ECF No. 168) in this case on February 6, 2013, concluding that the two subject motions to dismiss (ECF Nos. 85 and 89) should be granted and that the complaint should be dismissed. The Magistrate Judge further recommended that if these recommendations were accepted, then all other pending motions should be denied as moot.

### A. The NWCX Officials' Motion to Dismiss

With respect to the claims asserted against the NWCX defendants, the Court finds that the R&R is well reasoned, gives thorough and fair consideration to each of the claims asserted against each of the NWCX defendants, correctly applies the applicable law, and will therefore be accepted and adopted. In reaching this conclusion, the Court has given full consideration to the plaintiffs' response to in opposition to the defendants' motions but nonetheless concludes that, because the plaintiffs are no longer housed at NWCX and cannot establish a likelihood that they will return there, and because the plaintiffs seek injunctive relief only, the claims against the NWCX defendants (Steward, Jones, Tirey, and Calhoun) must be and are hereby **DISMISSED AS MOOT**. The motion to dismiss on behalf of Melvin Tirey (ECF No. 89) is therefore **GRANTED**, and the motion to dismiss by the remaining defendants (ECF No. 85) is **GRANTED IN PART** insofar as it seeks dismissal of the claims against the NWCX defendants.

### B. The TDOC Officials' Motion to Dismiss

The TDOC defendants, Commissioner Derrick Schofield and Assistant Commissioner Reuben Hodge, seek to have the claims against them dismissed on the grounds that there is no *respondeat superior* liability under 42 U.S.C. § 1983, and that individual liability under § 1983 must be premised upon some proof of a defendant's personal involvement in the alleged unconstitutional activity set out in the complaint. (ECF No. 86, at 3.) The TDOC defendants assert that, because the plaintiffs make no allegations of personal involvement by either of them, the complaint fails to state a claim against them for which relief may be granted and must therefore be dismissed. The Court agrees with the Magistrate Judge that the complaint contains no allegations of personal involvement that would give rise to a claim against Commissioner Schofield or Assistant Commissioner Hodge in either defendant's individual capacity. The R&R is therefore **ADOPTED AND ACCEPTED IN PART**, insofar as it recommends dismissal of the individual-capacity claims against Schofield and Hodge. The motion to dismiss (ECF No.

85) is **GRANTED IN PART**, and the individual-capacity claims against Commissioner Schofield and Assistant Commissioner Hodge are **DISMISSED**.

The TDOC defendants' motion, however, wholly failed to address the official-capacity claims against them. Further, the R&R likewise did not acknowledge those claims. Accordingly, the Court **REJECTS** the recommendation to dismiss the claims against the TDOC defendants in their entirety, and the defendants' motion to dismiss (ECF No. 85) is **DENIED IN PART**, insofar as the Court declines to dismiss at this stage the plaintiffs' official-capacity claims against the TDOC defendants.

**C. Venue**

The defendants also seek dismissal on the basis of improper venue. The Court finds that venue in the Middle District of Tennessee, Nashville Division, is not improper, insofar as both remaining defendants reside or may be found in this district. The motion to dismiss on the basis of improper venue is **DENIED**.

**D. Other Pending Motions**

With the order granting the plaintiff's motion to reconsider and vacating the previously entered order of dismissal, the other motions that were pending as of February 25, 2013 (ECF Nos. 124, 128, 134, 135, 140, 144, 146, 150, 152, 154, 155, 159, and 160) are **REINSTATED ON THE DOCKET** and remain referred to the Magistrate Judge.

It is so **ORDERED**.

Kevin H. Sharp
United States District Judge