UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

CHARLES H. ROBERTS, *et al.*,   )
                                )
    Plaintiffs              )
                                )    No. 3:11-1127
v.                              )    Judge Sharp/Bryant
                                )    **Jury Demand**
DERRICK D. SCHOFIELD, *et al.*, )
                                )
    Defendants              )

## **O R D E R**

Plaintiffs Charles H. Roberts and Marshall H. Murdock, prisoners proceeding *pro se* and *in forma pauperis*, have filed two motions for preliminary injunction to halt the implementation of a vegan-type Kosher diet within prisons operated by the Tennessee Department of Corrections ("TDOC") (Docket Entry Nos. 128 and 140). As grounds, Roberts and Murdock allege that they are adherents of the Jewish faith, and that the provision of a vegan-type Kosher diet violates their rights under the Free Exercise Clause of the First Amendment, the provisions of the Religious Land Use and Institutional Persons Act ("RLUIPA"), 42 U.S.C. § 2000cc, *et seq.*, and the Equal Protection Clause of the Fourteenth Amendment. The Defendants have not responded in opposition.

For the reasons stated below, the undersigned Magistrate Judge finds that these two motions must be **DENIED.**

A plaintiff bears a heavy burden of demonstrating his entitlement to a preliminary injunction. An "injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it. *Overstreet v. Lexington-Fayette Urban County Gov't*, 305

F.3d 566, 573 (6th Cir. 2002). In determining whether to grant injunctive relief, a court is required to weigh four factors: (1) whether the moving party has shown a strong likelihood of success on the merits; (2) whether the moving party will suffer irreparable harm if the injunction is not issued; (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction. *Id*. These four considerations are factors to be balanced, not prerequisites that must be met. *McPherson v. Michigan High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 459 (6th Cir. 1997).

**ANALYSIS**

I.  <u>Likelihood of success on the merits</u>. Plaintiffs seek relief under the First Amendment, RLUIPA, and the Equal Protection Clause. The undersigned will address each claim in turn.

Inmates retain the First Amendment right to exercise their religion subject to reasonable restrictions and limitations. *Cruz v. Beto*, 405 U.S. 319, 322 (1972). The right to receive a religious diet is not absolute, but is subject to reasonable limits in the context of prison regulations. While "prison administrators must provide an adequate diet without violating the inmate's religious dietary restrictions . . . [i]f the prisoner's diet . . . is sufficient to sustain the prisoner in good health, no constitutional right has been violated." *Colvin v. Caruso*, 605 F.3d 282, 290 (6th Cir. 2010).

Plaintiffs have no right to choose the items on their menus, including meat that is slaughtered in accordance with religious laws. *Spies v. Voinovich*, 173 F.3d 398, 406 (6th Cir.

2

1999). There is no constitutional right to meat. In fact, federal courts have consistently recognized that a prohibition of religiously slaughtered meat does not amount to a substantial burden on religious exercise when vegetarian options are available. *See, e.g., Patel v. U.S. Bureau of Prisons*, 515 F.3d 807 (8th Cir. 2008). Plaintiffs Roberts and Murdock make no claim that the vegan-type Kosher diet provided by their prisons is not sufficient to sustain them in good health, nor have they suggested the existence of any evidence that would support such a claim.

Plaintiffs must also show that their beliefs are: (1) sincerely held; and (2) of a religious, rather than another, nature. *Hernandez v. Pugh*, No. 4:12cv2040, 2013 WL 30194 at *3 (N.D. Ohio Jan. 2, 2013). Plaintiffs Roberts and Murdock have failed to cite any religious authority suggesting that failure to eat ceremonially slaughtered meat somehow violates the tenets of their faith. Instead, Plaintiffs here rely upon their unsworn claims that their beliefs are "sincerely held." Given this state of the record, the undersigned is unable to find a strong likelihood that Plaintiffs can succeed on their claims that their beliefs are sincerely held.

RLUIPA provides protection for "institutionalized persons who are unable to attend to their religious needs and are therefore dependent on the government's permission and accommodation for exercise of their religion." *Cutter v. Wilkinson*, 544 U.S. 709, 721 (2005). RLUIPA provides:

> No government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution . . . even if the burden results from a

3

> rule of general applicability, unless the government demonstrates that the imposition of the burden on that person – (1) is in furtherance of a compelling governmental interest; and (2) is the least restrictive means of furthering that compelling governmental interest.

42 U.S.C. § 2000cc-1(a).

Under RLUIPA, the inmate must present *prima facie* evidence that prison officials have substantially burdened his religious exercise. 42 U.S.C. § 2000cc-2(b). Such a burden exists when the government exerts "substantial pressure on an adherent to modify his behavior and to violate his beliefs." *Buchanan v. Burbury*, No. 3:05cv7120, 2006 WL 2010773 (N.D. Ohio July 17, 2006). In weighing an inmate's substantial burden, RLUIPA bars inquiry into whether a particular belief or practice is "central" to a prisoner's religion, but does not preclude inquiry into the sincerity of a person's professed religiosity. *Cutter,* 544 U.S. at 725. Therefore, the "truth" of a belief is not open to question; rather the question is whether the objector's beliefs are "truly held." *Id*.

In order to make a *prima facie* showing that his religious exercise is "substantially burdened," an inmate must contend that his faith requires a specific practice. *Weinberger v. Grimes*, No. 07-6461, 2009 WL 331632 (6th Cir., Fed. 10 2009) (unpublished). Here, Plaintiffs Roberts and Murdock do not allege that their religious beliefs prohibit their eating vegan-style Kosher food. Instead, they assert that any meat they consume must be slaughtered in accordance with prescribed religious practices.

Plaintiffs must show that their ability to practice their religion has been substantially burdened because they are served a vegetarian meal. In a similar setting, a court has held that providing prepackaged vegetarian meals does not substantially burden the religious exercise of inmates who request a halal diet. *Robinson v. Crutchfield*, No. 1:14-cv-115, 2014 WL 934548 (S.D. Ohio, March 10, 2014).

In order to prove an Equal Protection violation under the Fourteenth Amendment, a plaintiff must demonstrate that defendants treated similarly situated individuals in a disparate manner. *Gillard v. Norris*, 857 F.2d 1095, 1100 (6th Cir. 1998). The unequal treatment must be a result of intentional and purposeful discrimination. *Abdullah v. Fard*, 173 F.3d 854, 1999 WL 98529 (6th Cir. Jan. 28, 1999). Plaintiffs Roberts and Murdock allege in a conclusory fashion that implementation of a vegan-type Kosher diet "is discriminatory toward Jewish Inmates" and "that persons (Inmates) who are similarly situated are treated differently by the government than these Jewish Inmates." (Docket Entry No. 128 at 2). Other than this conclusory allegation, Plaintiffs fail to identify any other "similarly situated" inmate group, nor do they specify the manner in which this other group is treated materially differently. Accordingly, Plaintiffs have made no showing that they have a strong likelihood of success on the merits of their equal protection claim.

II. <u>Irreparable harm</u>. In such a case where plaintiffs are unable to show a likelihood of success on their constitutional

claim, they also fail to evidence irreparable harm. *Robinson*, 2014 WL 934548 at *6.

III-IV. <u>Effect on others or the public interest</u>. Since Defendants have made no response to these motions, the undersigned Magistrate Judge is unable to evaluate the effect of issuance of a preliminary injunction on others or the public interest.

For the reasons stated above, the undersigned Magistrate Judge finds that Plaintiffs Roberts and Murdock have failed to carry their burden to demonstrate the likelihood of success of their claims on the merits or their irreparable injury if a preliminary injunction is not granted. Therefore, their motions for temporary injunction must be **DENIED**.

It is so **ORDERED**.

/s/ John S. Bryant
JOHN S. BRYANT
United States Magistrate Judge